UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLEARWATER BEACH RESORT
REGIONAL CENTER, LLC,

    Plaintiff,

v.

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES,

    Defendant.
_____/

Case No.

# COMPLAINT

Plaintiff Clearwater Beach Resort Regional Center, LLC (the "**Regional Center**"), through its undersigned counsel, by way of complaint against defendant United States Citizenship and Immigration Services ("**USCIS**"), hereby alleges and states as follows:

## INTRODUCTION

1. On November 3, 2014, USCIS authorized the Regional Center to act as an authorized regional center under the Employment-Based Fifth Preference ("**EB-5**") Immigrant Investor Program (the "**EB-5 Program**"), pursuant to Section 203(b)(5)(E) of the Immigration and Nationality Act (the "**INA**"), 8 U.S.C. § 1153(b)(5)(E), in Hernando County, Hillsborough County, Pasco County, and Pinellas County in the State of Florida.

2. On July 14, 2022, the Regional Center submitted to USCIS a *Form I-956, Application for Regional Center Designation* (the "**Form I-956**"), seeking redesignation as an authorized regional center and requesting an amendment of its authorized regional center designation, pursuant to Section 203(b)(5)(E) of the INA, to include, in addition to the foregoing counties, Lake County, Manatee County, Orange County, Polk County, and Sarasota County in the State of Florida.

3. On September 19, 2023, USCIS approved the Form I-956 and the Regional Center's request.

4. In its capacity as an authorized regional center, the Regional Center has sponsored capital investment projects for investment by individuals seeking to obtain lawful permanent resident status in the United States through participation in the EB-5 Program. As of September 30, 2025, those projects raised more than $106 million for construction and related uses, and created thousands of jobs, in the Regional Center's authorized territory.

5. On April 30, 2025, the Regional Center submitted to USCIS an amendment to the Form I-956 (the "**Form I-956 Amendment**"), which was accompanied by hundreds of pages of supporting documentation and a check in the amount of $47,695.00, representing payment of the applicable filing fee, requesting an amendment of its authorized regional center designation to include 58 additional counties in the State of Florida, along with the States of Georgia and North Carolina, all in accordance with the changes to the INA that were enacted as part of the EB-5 Reform and Integrity Act of 2022 (the "**RIA**").

6. Despite the passage of more than nine months since USCIS received the Form I-956 Amendment and the supporting documentation, USCIS has failed to issue a final determination with respect to the Form I-956 Amendment. The Regional Center believes that the delay associated with USCIS's review and adjudication of the Form I-956 Amendment is unreasonable and that USCIS is acting arbitrarily and capriciously in failing to review and adjudicate the Form I-956 Amendment notwithstanding its having received the Form I-956 Amendment and the materials accompanying it more than nine months ago.

7. USCIS's continuing delay in adjudicating the Form I-956 Amendment is harming the Regional Center. Until the Form I-956 Amendment is approved, the Regional Center is unable to sponsor any EB-5 projects in the proposed expanded territory, which taints it in the eyes of individuals who seek to participate in the EB-5 Program and of entities that would otherwise retain the Regional Center to sponsor their EB-5 projects.

8. The Form I-956 Amendment meets all the requirements for adjudication. USCIS's continuing and inexcusable delay in acting on the Form I-956 Amendment warrants an exercise of this Court's mandamus power under the Mandamus and Venue Act, 28 U.S.C. § 1361, (the "**Mandamus Act**"), and this Court's authority under the Administrative Procedures Act, 5 U.S.C. §§ 555 and 701 *et seq*. (the "**APA**").

9. The continued delay in adjudicating the Form I-956 Amendment is causing significant harm to the Regional Center. Accordingly, the Regional Center

respectfully requests that this Court issue an order, pursuant to the Mandamus Act and the APA, directing USCIS to adjudicate the Form I-956 Amendment within a time frame that this Court deems appropriate under the circumstances.

## PARTIES

10. The Regional Center is a limited liability company organized under the laws of the State of Florida and having its principal place of business at 5600 Mariner Street, Suite 200, Tampa, Florida 33609.

11. USCIS is a federal agency and a component of the United States Department of Homeland Security, a cabinet-level department of the federal government of the United States, and maintains its headquarters at 5900 Capital Gateway Drive, Camp Springs, Maryland 20588. The Immigrant Investor Program Office of USCIS, which maintains its headquarters at 131 M Street N.E., 3rd Floor, Washington, DC 20529, oversees the EB-5 Program and adjudicates Form I-956 Amendments like that of the Regional Center.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the Regional Center's claims arise under the laws of the United States, specifically the INA, as amended by the RIA, and its implementing regulations.

13. Further, this Court has subject matter jurisdiction over this action and may grant relief pursuant to the Mandamus Act and the APA.

14. Venue is proper in the Middle District of Florida under 28 U.S.C. § 1391(c)(2) and 28 U.S.C. § 1391(e)(1) because this is an action against an agency of the United States, brought in the district where the Regional Center maintains its principal place of business.

## LEGAL AND FACTUAL BACKGROUND

### I. The EB-5 Program

15. The United States Congress created the EB-5 Program in 1990 to stimulate the United States economy through job creation and capital investment by foreign investors seeking lawful permanent resident status in the United States. Under the EB-5 Program, a foreign citizen may seek to obtain lawful permanent resident status by investing either $800,000 or $1,050,000—the greater amount is required unless the investment pertains to a project located in a high-unemployment area or a rural area, or to an infrastructure project—in a qualifying new commercial enterprise ("**NCE**"), that investment creates at least ten full-time jobs, and the foreign citizen satisfies the other requirements of the EB-5 Program. *See generally* 8 U.S.C. § 1153(b)(5).

16. In 1992, Congress created the Immigrant Investor Pilot Program, which is now known as the Immigrant Investor Program. This subset of the EB-5 Program permits an EB-5 investor to invest the requisite capital in a qualifying NCE through a USCIS-approved regional center. A regional center is an entity for promoting economic growth and job creation in a particular geographic region of the United States, and each regional center may sponsor one or more NCEs. One

of the primary benefits to foreign investors who invest in an NCE through a regional center is that they are able to count indirect jobs—that is, jobs that are created outside of the NCE by a job-creating enterprise—in order to satisfy the job creation requirements of the EB-5 Program. *See generally* 8 U.S.C. § 1153(b)(5)(E).

17. On March 15, 2022, the RIA took effect, making sweeping changes to the INA and to the EB-5 Program. *See* Pub. L. 117-103, 136 Stat. 49, 1070 (Mar. 15, 2022). Amongst those changes were the imposition of additional requirements upon each authorized regional center pertaining to the filing of annual statements, the payment of an annual Integrity Fund fee, record keeping, audits by USCIS, the filing of statements regarding persons involved with the regional center, compliance with securities laws, agreements with direct and third-party promoters, and fund administration. *See generally* 8 U.S.C. § 1153(b)(5).

## II. The Form I-956 Amendment

18. On April 30, 2025, the Regional Center filed the Form I-956 Amendment with USCIS, seeking approval of the expansion of its authorized territory. With the Form I-956 Amendment, the Regional Center remitted to USCIS a check in the amount of $47,695, representing payment of the fee for filing the Form I-956 Amendment.

19. In support of the Form I-956 Amendment, the Regional Center submitted to USCIS a number of required documents totaling almost 900 pages, including a *Hypothetical Economic Analysis to Support a Regional Center*

6

*Expansion* prepared by Baker Tilly Advisory Group, LP, an affiliate of one of the nation's leading economic and financial advisory firms, describing the substantive positive economic impact of the pooled investment of EB-5 investors' funds in the expanded territory based upon 17 hypothetical business plans, including the creation of 3,003.3 total direct, indirect, and induced jobs, over $585 million in economic output annually, and over $280 million in annual regional household earnings.

20. The Regional Center also submitted to USCIS in support of the Form I-956 Amendment the *Clearwater Beach Resort Regional Center, LLC Business Plan*, which updated the Regional Center's operational guidelines to comply with the RIA and to reflect the requested change to its approved geographic scope, a list of the individuals involved with the Regional Center, and the Regional Center's *Securities and Immigration Compliance Policy*.

21. On May 23, 2025, USCIS issued Receipt No. INF2500015948 to the Regional Center, acknowledging receipt of the Form I-956 Amendment and the filing fee on April 30, 2025.

### III. USCIS Has Unreasonably Delayed Acting on the Form I-956 Amendment

22. Despite the Regional Center's having submitted a completed and comprehensive Form I-956 Amendment on April 30, 2025, USCIS has unreasonably delayed in adjudicating the Form I-956 Amendment.

23. Specifically, despite the passage of more than nine months since the Regional Center filed the Form I-956 Amendment, USCIS has failed to provide any

7

additional information to the Regional Center, has failed to adjudicate the Form I-956 Amendment, and has not provided any indication of when the review of the Form I-956 Amendment might be completed.

24. USCIS has never explained the reason for the lengthy and continuing delay as to the Form I-956 Amendment, has not provided any indication of when the review of the Form I-956 Amendment might be completed, and has unreasonably delayed in adjudicating the Form I-956 Amendment.

25. USCIS appears to have obviated its statutory obligation to process the Form I-956 Amendment in a timely manner.

## IV. The Regional Center Will Suffer Significant Harm If Relief Is Not Granted

26. As a result of USCIS's unreasonable, protracted, and unconscionable delay in the adjudication of the Form I-956 Amendment, the Regional Center has suffered and will continue to suffer harm.

27. As is noted above, until the Form I-956 Amendment is approved, the Regional Center is unable to sponsor any EB-5 projects in the proposed expanded territory, which taints it in the eyes of individuals who seek to participate in the EB-5 Program and of entities that would otherwise retain the Regional Center to sponsor their EB-5 projects.

28. The Regional Center is further harmed by the fact that the longer the Form I-956 Amendment remains pending, the more likely it becomes that EB-5 investors may decline to invest in an NCE sponsored by the Regional Center and decide to invest their capital in projects sponsored by other regional centers that

are authorized to act within the expanded territory for which the Regional Center seeks approval.

29.  According to data made available by USCIS, the median processing time—that is, the time it took to complete half of the cases in a given time period—for a Form I-956 has varied during the fiscal years since the enactment of the RIA.[1] Specifically, in fiscal year 2023, the median processing time for a Form I-956 was 9.4 months, in fiscal year 2024, the median processing time for a Form I-956 was 10.4 months, and in fiscal year 2025, the median processing time for a Form I-956 was 11.0 months.  *See* https://egov.uscis.gov/processing-times/historic-pt (last visited Feb. 16, 2026).  However, USCIS does not differentiate between Forms I-956 and Form I-956 Amendments, as a result of which the reported data is misleading and incomplete.

30.  Also according to data made available by USCIS, during the third quarter of fiscal year 2025 (that is, April 1, 2025 to June 30, 2025, USCIS completed 22 Forms I-956, there remained 72 Forms I-956 still pending, and the median processing time for a Form I-956 was 13.2 months.  In addition, as of the end of the third quarter of fiscal year 2025 (that is, as of June 30, 2025), USCIS had received 37 Forms I-956, had approved 77 Forms I-956, had denied 17 Forms I-956, and there remained 72 Forms I-956 still pending.  *See* https://www.uscis.gov/tools/reports-and-studies/immigration-and-citizenship-data (last visited Feb. 16, 2026).  Again, the reported data is misleading and

---

[1] The federal fiscal year is from October 1 to September 30.

incomplete, because USCIS does not differentiate between Forms I-956 and Form I-956 Amendments.

31.     Also, according to data made available by USCIS, 80% of Forms I-956 adjudicated over the six-month period ending on February 16, 2026 were completed in 17 months, though once again USCIS does not differentiate between Forms I-956 and Form I-956 Amendments, which renders USCIS's data misleading and unreliable:



*See* https://egov.uscis.gov/processing-times/ (last visited Feb. 16, 2026).

10

32. Pursuant to the INA, Congress intends for applications for immigration benefits, other than those for nonimmigrant visa under 8 U.S.C. § 1184(c), to be processed within 180 days after their initial filing. *See* 8 U.S.C. § 1571(b).

33. Here, the Form I-956 Amendment has been pending before USCIS for more than nine months, and in light of the delays in processing Forms I-956 noted above, there is no reason for the Regional Center to believe the Form I-956 Amendment will be adjudicated anytime soon.

34. Indeed, the Regional Center is unable to obtain any information concerning the Form I-956 Amendment through use of USCIS's online tool, as it receives an error message after entering the receipt number that USCIS provided to it:

**Check Case Status**

Use this tool to track the status of an immigration application, petition, or request.

*The receipt number is a unique 13-character identifier that consists of three letters and 10 numbers. Omit dashes ("-") when entering a receipt number. However, you can include all other characters, including asterisks ("*"), if they are listed on your notice as part of the receipt number.* **When a receipt number is entered, the "Check Status" button will be enabled and you can check the status.**

Enter a Receipt Number
**The receipt number entered is invalid, please try again.**

`EAC1234567890`

35. If USCIS continues this unreasonable delay by failing to adjudicate the Form I-956 Amendment, the Regional Center will continue to suffer significant hardship.

36. The Regional Center has no other adequate remedy available to it other than filing the instant action.

37.     The Regional Center recognizes that the RIA included an amendment to the INA providing for administrative appellate review by the Administrative Appeals Office of USCIS "of any determination made under this paragraph," including "an application for regional center designation or regional center amendment." 8 U.S.C. § 1153(b)(5)(P)(i)(I). The Regional Center also recognizes the amendment limits courts' ability to review such determinations:

> Subject to subparagraph (N)(v) and section 1252(a)(2) of this title, and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28 or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to review a determination under this paragraph until the regional center, its associated entities, or the alien investor has exhausted all administrative appeals.

8 U.S.C. § 1153(b)(5)(P)(ii).

38.     Despite this language, the Regional Center may obtain the relief it seeks in this action, as it is neither asking the Court to compel USCIS to approve the Form I-956 Amendment nor seeking to overturn a decision by USCIS to deny the Form I-956 Amendment as USCIS has issued no such decision. Accordingly, the exhaustion requirement that the RIA added to the INA does not apply in these circumstances.

39.     The Regional Center has retained the undersigned as counsel in this matter and has agreed to pay a reasonable fee for their services.

40.     All conditions precedent to bringing this action, if any, have occurred or have been performed, waived, or excused.

## COUNT I
## MANDAMUS ACT
## (28 U.S.C. § 1361)

41. The Regional Center realleges the allegations contained in the preceding paragraphs as though fully set forth herein.

42. The Regional Center seeks a writ of mandamus to compel USCIS "to perform a duty owed to [the Regional Center]." *See* 28 U.S.C. § 1361.

43. USCIS has failed to discharge its mandated duties by unlawfully and unreasonably delaying the adjudication of the Form I-956 Amendment despite the same being in a condition supporting adjudication.

44. As a result of USCIS's failure to adjudicate the Form I-956 Amendment, the Regional Center has suffered and continues to suffer harm and damages, entitling it to declaratory and other relief.

45. The Regional Center has exhausted all available administrative remedies and there exists no other adequate remedy.

## COUNT II
## ADMINISTRATIVE PROCEDURE ACT
## (5 U.S.C. §§ 555 and 701 *et seq.*)

46. The Regional Center realleges the allegations contained in the preceding paragraphs as though fully set forth herein.

47. USCIS is charged with the mandatory responsibility of administering and implementing the INA.

48. USCIS has a mandatory duty to adjudicate the Form I-956 Amendment within a "reasonable time."

49. USCIS has violated the APA by failing to adjudicate the Form I-956 Amendment timely, which constitutes agency action that is arbitrary and capricious and not in accordance with law.

50. Section 555 of the APA commands administrative agencies to conclude matters presented to the agency for decision "within a reasonable time." *See* 5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties … and **within a reasonable time**, each agency **shall** proceed to conclude a matter presented to it.") (emphases added).

51. The APA explicitly provides a right of judicial review to a person "adversely affected or aggrieved" by an agency's "fail[ure] to act" or other such agency action. 5 U.S.C. § 702.

52. When, as here, a proper showing is made, "[t]he reviewing court shall … compel agency action unlawfully withheld or unreasonably delayed." *See* 5 U.S.C. § 706(1); *see also* 5 U.S.C. § 551(13) (term "agency action" includes "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act."). The Court must also "hold unlawful and set aside agency action" that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"; "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right"; or "without observance of procedure required by law." 5 U.S.C. § 706(2)(A), (C), (D).

53. USCIS has a clear and mandatory duty to adjudicate the Form I-956 Amendment.

54. The Regional Center has complied with all the requirements for adjudication of the Form I-956 Amendment.

55. USCIS has unreasonably withheld, and unlawfully and unreasonably delayed, acting on the Form I-956 Amendment in violation of the INA and the APA.

56. USCIS has failed to discharge its mandated official duties by abusing its discretion and acting in an arbitrary and capricious manner in failing to adjudicate the Form I-956 Amendment.

57. As a result of USCIS's failure to adjudicate the Form I-956 Amendment, the Regional Center has suffered and continues to suffer harm and damages, entitling it to declaratory and other relief.

58. The Regional Center has no other adequate legal remedy available to it.

## RELIEF REQUESTED

**WHEREFORE**, the Regional Center prays that this Court:

a. compel USCIS to perform its duty to adjudicate the Form I-956 Amendment within a time frame this Court deems appropriate under the circumstances;

b. enter a judgment declaring USCIS's unreasonable delay and failure to adjudicate the Form I-956 Amendment to be in direct violation of the APA and the INA; and

c.      grant to the Regional Center such other and further relief as this Court deems just and proper.

Dated:  February 18, 2026          /s/ Jillian C. Postal
Jillian C. Postal (Florida Bar No. 1011576)
SAUL EWING LLP
701 Brickell Avenue, 17th Floor
Miami, Florida 33131
Telephone:  (305) 428-4500
Email:  jillian.postal@saul.com

*Attorneys for Plaintiff Clearwater Beach Resort Regional Center, LLC*